is no variance. 4 Bac. Abr. "Misnomer." Where two names are derived from the same source, or where one is an abbreviation or corruption of the other, but both are taken by common use to be the same, though differing in sound, the use of one for the other is not a misnomer. *Vide* 7 Am. Com. Law, 51. In the present case, the declaration commences by averring the suit to be "on the relation of *Susanna Hobaugh*," and closes to the damage of the plaintiff "for the use of *Susan Hobaugh*;" and the breach in the declaration is for not paying to the said *Susan Hobaugh*, &c. Both names are promiscuously applied to the relator in the declaration, and we think it good on general demurrer.

As to the fifth plea, there can be no doubt it is bad. The distinction between the cases in which *nil debet* may and may not be pleaded, is clearly laid down in 1 Ch. Pl. 477, 478. Where the deed is only inducement to the action, and matter of fact the foundation of it, the plea is proper; but where the deed is the foundation of the suit and the fact merely inducement, it is no sufficient plea. Thus in debt for a penalty on articles of agreement, *nil debet* is bad. So, in an action on a bail-bond, or on a bond setting out the condition and breach. These are, in principle, analogous to the present case. See *Jones* v. *Pope*, 1 Saund. Rep. 38, note (3).—*Roberts* v. *Mariett*, 2 id. 187, note (2), (1).

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs. To be certified, &c.

*J. Rariden* and *J. S. Newman*, for the plaintiffs.

*D. Kilgore*, for the defendant.

(1) *Nil debet* to debt on bond is bad on general demurrer; but if the plaintiff, instead of demurring, accept the plea and join issue, the defendant may prove any special matter of defence, which might be proved under the same plea in debt on simple contract. Gould's Pl. 310, 311.—1 Chitt. Pl. 518, 552.

---

## MILLS v. BARNES.

In a suit against a justice for not filing in time the papers in an appeal, the best evidence of the justice's judgment is his record or a certified copy of it,—not a copy, certified by the clerk, of the transcript filed in the Circuit Court.

ERROR to the *Gibson* Circuit Court.

Nov. Term,
1837.

SULLIVAN, J.—*Barnes* sued one *Harrington* before *Boicourt,* a justice of the peace of *Gibson* county, and recovered a judgment for the sum of 16 dollars and 68 cents. *Boicourt* vacated his office, and his docket was duly transferred to *Mills,* the plaintiff in error, as his successor. At the suggestion of *Barnes,* a *scire facias* was issued by *Mills* against *Harrington,* requiring him to appear and show cause why execution should not issue against him; and, on the hearing, judgment was rendered against *Barnes* for the costs. From that judgment *Barnes* appealed. *Mills,* the plaintiff in error, failed to cause a transcript of the judgment and proceedings before him, to be filed with the clerk of the Circuit Court within 20 days after the filing of the appeal-bond by *Barnes;* and the appeal was for that cause, on the motion of *Harrington,* dismissed by the Circuit Court.

MILLS
v.
BARNES.

*Tuesday,*
*December* 12.

For that alleged neglect of duty, *Barnes* sued *Mills* before a justice of the peace, who decided in favour of *Mills.* On appeal to the Circuit Court, *Barnes* obtained judgment; and to reverse that judgment, the present writ of error is brought.

On the trial in the Circuit Court, the plaintiff below, for the purpose of proving the proceedings had before *Mills* on the *scire facias* in favour of *Barnes* against *Harrington,* and that the judgment was appealed by him to the Circuit Court in due time, offered in evidence a copy of the transcript of the justice of the peace in the case of *Barnes* against *Harrington,* on file in the *Gibson* Circuit Court, certified by the clerk of that Court. The defendant objected to the admission of this testimony, but the Court overruled his objection and admitted it.

We think the paper introduced was not the best evidence within the reach of *Barnes.* It was necessary that he should prove on the trial in the Court below, amongst other things, that he had a legal demand against *Harrington,* that a suit had been commenced upon it before *Mills,* that final judgment had been rendered, and that he had appealed to the Circuit Court. These facts could be best proved by the record in the possession of *Mills,* or by a transcript from that record certified by the keeper of it, or, after request and refusal to furnish the testimony, by evidence *aliunde.* As no effort was made to procure that testimony, it was not proper for the plaintiff to resort to secondary evidence.

Nov. Term, 1837.

The State v. Abrams.

The testimony introduced was also objectionable in another point of view: It was the copy of a copy from the justice's docket. A copy of a public document is admitted in evidence as the original, if properly authenticated, but a copy of a copy proves nothing. It is said to be of no weight whatever. Gilb. Ev. 10.—1 Dall. 65. The clerk of the Circuit Court of *Gibson* county, could only certify to the existence of the copy on file in his office, but he could give no transcript from the original, because he had not the custody of the record, and had no knowledge of its existence.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Pitcher*, for the plaintiff.

---

The State, on the Relation, &c., v. Abrams.

Sureties of the peace were obtained before a justice, but the Circuit Court refused to continue the defendant under recognisance. *Held*, that the complainant was not liable for costs.

*Wednesday, December 13.*

APPEAL from the *Fayette* Circuit Court.

Sullivan, J.—*William Lair*, the complainant in this case, prayed surety of the peace against *Abrams*, on complaint made before a justice of the peace. The justice required the defendant to enter into recognisance to appear at the next Circuit Court, and in the mean time to keep the peace, &c. The Circuit Court, at the hearing, refused to continue the defendant under recognisance, and ordered him to be discharged, and further ordered the complainant to pay the costs that had accrued in the Circuit Court. From that judgment, the complainant appealed to this Court.

The only error assigned is, that a complainant in a case of this kind is not liable for costs, and that the Court erred in giving judgment against him for the costs in the Circuit Court.

The right of a party to receive costs, and his liability to pay them, are regulated entirely by statute. At common law, no costs were recoverable by the plaintiff or defendant. By the statute of 6 Ed. 1, costs were directed to be taxed in favour of